OPINION OF THE COURT
Ellen M. Coin, J.
*559 Defendant has moved, inter alia, to dismiss the complaint, which charged him with two counts of dissemination of an unlawful surveillance image in the second degree, in violation of Penal Law § 250.55. This statute was enacted in 2003 as part of a group of laws criminalizing video voyeurism, known collectively as Stephanie’s Law, and named in recognition of a woman who promoted the law after she was secretly videotaped by her landlord in her bedroom via a camera hidden in the smoke detector above her bed. (Governor’s Press Release, June 23, 2003, cited in Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 250.40, 2008 Supp Pamph, at 247.) As there are no reported decisions interpreting the instant statute, it appears that this case is one of first impression.
During the pendency of this motion the People served and filed a superseding complaint. The original complaint failed to allege that defendant acted without the complainant’s knowledge or consent; the superseding instrument now supplies this allegation. Nevertheless, the new instrument is, for other reasons, facially insufficient.
The superseding complaint alleges that defendant used a camera phone to videotape himself having sexual intercourse with the complainant on two separate occasions on the same date, without her knowledge, permission, or authority. It also alleges that defendant sent the videos to at least one other person and to his own e-mail account without the complainant’s permission or authority to do so.
Penal Law § 250.55 provides,
“A person is guilty of dissemination of an unlawful surveillance image in the second degree when he or she, with knowledge of the unlawful conduct by which an image or images of the sexual or other intimate parts of another person or persons were obtained and such unlawful conduct would satisfy the essential elements of the crime of unlawful surveillance in the first or second degree, intentionally disseminates such image or images.”
One of the two counts charged in the superseding complaint is predicated on defendant’s alleged dissemination of the video recording to his own e-mail account. “Disseminate” is defined as “to give, provide, lend, deliver, mail, send, forward, transfer or transmit, electronically or otherwise to another person.” (Penal Law § 250.40 [5] [emphasis added].) Since defendant’s alleged transmission of the video to himself does not constitute *560 dissemination as defined, one count of the charge must be dismissed.
The charge of dissemination of an unlawful surveillance image in the second degree requires that the image in issue was obtained by commission of the crime of “unlawful surveillance” in the first or second degree and that the perpetrator act with knowledge of the unlawful conduct. (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 250.40, 2008 Supp Pamph, at 250.)
The superseding complaint fails to allege that defendant has been previously convicted within the past 10 years of unlawful surveillance in the first or second degree. Since such conviction is an essential element of the crime of unlawful surveillance in the first degree, Penal Law § 250.50 cannot serve as a predicate for the one remaining instant charge.
The superseding complaint also fails to allege facts which would satisfy the essential elements of unlawful surveillance in the second degree (Penal Law § 250.45). The complaint fails to allege the elements of any of that statute’s four alternative subdivisions.
Subdivision (1) of the statute requires that the perpetrator commit the act “[f]or his . . . own, or another person’s amusement, entertainment, or profit, or for the purpose of degrading or abusing a person.” Similarly, subdivision (2) of the statute requires as the perpetrator’s purpose “his . . . own, or another person’s sexual arousal or sexual gratification.” The superseding complaint makes no allegation as to defendant’s purpose either in its accusatory or in its factual portions.
Moreover, both subdivisions require that the imaging device view the victim “at a place and time when such person has a reasonable expectation of privacy” (Penal Law § 250.45 [1], [2]). Other than stating the address where the alleged offense occurred, the superseding complaint fails to allege any facts from which it can be inferred that the complainant was viewed at a time and place when she had a reasonable expectation of privacy.
Subdivision (3) (a) of the statute requires that the perpetrator use or install, or permit the utilization or installation of the imaging device “in a bedroom, changing room, fitting room, restroom, toilet, bathroom, washroom, shower or any room assigned to guests or patrons in a motel, hotel or inn.” The superseding complaint fails to allege that the camera phone was installed in any such location. *561 Subdivision (4) of the statute requires that the perpetrator use or install the imaging device to surreptitiously view, broadcast, or record the sexual or other intimate parts of the victim “under the clothing being worn by such person.” There is no such allegation in the superseding complaint.
Since the superseding complaint fails to allege facts which would satisfy the essential elements of any subdivision of the crime of unlawful surveillance in the second degree, the court must grant defendant’s motion to dismiss the remaining count of dissemination of an unlawful surveillance image in the second degree. Accordingly, the superseding complaint is hereby dismissed.
In view of the foregoing, the balance of defendant’s motion is rendered moot.